1

2

3

4

5

6

7

8                        UNITED STATES  DISTRICT COURT

9                        Northern District of California

10                          San Francisco Division

11   FRANKLIN H. WRIGHT,                      No. C 13-05994 LB

12              Plaintiff,          **ORDER GRANTING DEFENDANT'S**
        v.                          **MOTION TO DISMISS**
13
     UNITED STATES OF AMERICA,               [Re: ECF No. 18, 24, & 25]
14
              Defendant.
15   _____/

16                            **INTRODUCTION**

17       Franklin H. Wright, who is representing himself, sued Defendant United States of America,

18   asserting claims for negligence, harassment, assault, breach of implied contract, violation of

19   California Business and Professions Code section 6068, and constitutional violations involving the

20   Department of Justice, including the U.S. Attorney's Office, the U.S. Marshals Service, and the

21   Federal Bureau of Investigation, and the Central Intelligence Agency. *See* First Amended

22   Complaint ("FAC"), ECF No. 10.[1]  The Government moves to dismiss all claims on different

23   grounds including sovereign immunity, failure to exhaust administrative remedies, and failure to

24   state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons discussed, the court

25   **GRANTS** the Government's motion to dismiss and gives Mr. Wright leave to amend within 28

26

27
         [1]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
28   generated page numbers at the top of the document.


C 13-05994 LB
ORDER GRANTING MOTION TO DISMISS

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1  days.[2]

2  **STATEMENT**

3  **I. PROCEDURAL HISTORY**

4  In December 2013, Mr. Wright filed a complaint on behalf of "Jesse Schwartz, Sr. [apparently

5  his father]; the Office of the President of the United States; and the U.S. Senate's Select Committee

6  on Intelligence" against the Secretary of the Navy, the Attorney General of the United States, and

7  the Director of the FBI.  Complaint, ECF No. 1.  He also filed a motion to proceed *in forma*

8  *pauperis*, which the court granted.  ECF Nos. 3, 6.  On January 15, 2014, Wright filed the FAC on

9  behalf of himself naming the Government as the sole Defendant.  *See* FAC, ECF No. 10.  Mr.

10  Wright also alleges that he "files *part of* this action on behalf of the Office of the President of the

11  United States and the Senate's Select Committee on Intelligence."  *Id.* at 3.  The Government moved

12  to dismiss on March 7, 2014.  *See* Motion to Dismiss ("Motion"), ECF No. 18.  Mr. Wright filed an

13  opposition brief, ECF No. 22, and the Government replied, ECF No. 26.  Mr. Wright also filed an

14  unopposed motion to amend his opposition, which the court grants, and a request for permission to

15  file electronically, which the court denies.  *See* ECF Nos. 24-25.

16  **II. CLAIMS AND ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

17  The complaint is 25 pages long and has 36 pages of exhibits.  It also recites Mr. Wright's

18  interactions with the federal government and some of his personal difficulties.  It contains claims for

19  breach of fiduciary duty, harassment, assault, violation of California Business and Professions Code

20  section 6068(f) and (h), and constitutional violations.  *See* FAC at 5.

21  **A. Breach of Fiduciary Duty**

22  The FAC asserts three claims for breach of fiduciary duty against the DOJ.

23  The first claim alleges that a U.S. Bankruptcy Trustee located in Chicago was assigned to Mr.

24  Wright as part of his 2009 Chapter 7 bankruptcy proceedings.  FAC at 9-10.  Mr. Wright sent the

25  bankruptcy trustee information that suggested his former employer owed him money but the trustee

26

27      [2]  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition

28  without oral argument and vacates the motion hearing previously scheduled for April 17, 2014.

1    did not investigate and pursue Mr. Wright's claim.  FAC at 9.  Mr. Wright states that this led to

2    "financial and reputational harm, homelessness, and career harm."  *Id.* at 9-10.  The DOJ is liable

3    because it "maintains responsibility for U.S. Bankruptcy Trustees."  *Id.* at 2, 10.

4        The second claim arises out of the Cleveland, Ohio U.S. Attorney's Office's alleged failure to

5    investigate Mr. Wright's claim that "he was under the influence of some substance" that may have

6    caused him to call 911 and scream for help.  FAC at 11.

7        His third claim is that the FBI failed to investigate his complaint about violence against him.  He

8    sent the complaint in an email to the FBI San Francisco Office on December 15, 2013.  *Id.* at 16.

9    **B.  Harassment Claims**

10       The FAC also raises claims for harassment against the U.S. Marshals Service based on

11   interactions between Mr. Wright and security officers at the Phillip C. Burton Federal Building in

12   San Francisco.  *See* FAC at 11-12.  Between September 2013 and January 9, 2014, Mr. Wright

13   visited the Burton Federal Building to use the library, file lawsuits, and visit offices.  *Id.* at 11.  Each

14   time, Mr. Wright was asked where he was going and what he was doing, even though other visitors

15   were not asked such questions.  *Id.*  Based on these questions, he asserts 29 claims of harassment.

16       During one visit, a U.S. Marshal reversed the flow of the security scanner, which caused Mr.

17   Wright's laptop to fall to the floor and suffer "minor and intermittent damage."  *Id.*  This was an

18   intentional attempt to intimidate Mr. Wright, giving rise to another harassment claim.  *Id.*

19       Finally, on several occasions, Mr. Wright met with a threat investigator "suggesting [Mr.

20   Wright] is some sort of threat."  *Id.* at 12.  This, too, is the basis for a harassment claim.  *Id.*

21   **C.  Tort Claims Arising From Events on January 3, 2014**

22       The FAC asserts claims for assault, harassment, and breach of fiduciary duty for alleged wrongs

23   committed on January 3, 2014.  *See* FAC at 13-16.  On January 3, 2014, Mr. Wright visited the

24   office of the Clerk of the Northern District of California "in order to view the original file of this

25   case's complaint and to insist a summons be served."  *Id.* at 13.  He claimed that there was an error

26   with service, asked to speak with the Clerk of the Court and told the staff he would suggest the Clerk

27   fire them.  *Id.*  A Clerk's office employee called security.  *Id.*  Mr. Wright asserts claims for assault

28   and harassment based on that employee's conduct.  *Id.* at 14.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Mr. Wright then went to the San Francisco Federal Building at Mission and Seventh Streets. *Id.*

2    There, he got into an argument with one of the court security officers ("CSO"). The CSO told Mr.

3    Wright to leave the building. When Mr. Wright asked "why," the CSO said he would be "carried

4    out," pulled out his pepper spray, and threatened to use it on Mr. Wright if he did not leave. *Id.* Mr.

5    Wright left the building. He asserts two claims for assault by the CSO, one for the verbal threat and

6    one for the CSO pulling the pepper spray from his belt. *Id.*

7    Next, Mr. Wright went to the South entrance to the building and asked a CSO if he could use the

8    phone to call 911 regarding the earlier incident in the Clerk's office. *Id.* at 15. Mr. Wright was

9    asked to leave. Instead, Mr. Wright stayed for 20 minutes, asked to use the phone to call 911

10   approximately 10 times, and was denied each time. *Id.* He asserts 10 claims for breach of fiduciary

11   duty (one for each denial).

12   Mr. Wright then argued with four CSOs in the lobby of the Ninth Circuit. *Id.* The officers

13   followed him out of the building. Mr. Wright asserts four claims of assault (one per officer). *Id.*

14   **D.  Breach of Implied Contract Against the FBI**

15   The breach of implied contract claim alleges that the FBI declined to open an investigation in

16   response to an e-mail Mr. Wright sent in December 2013 and that this breached an implied contract

17   "that exists between the F.B.I. and U.S. Citizens." *See* FAC at 16-17.

18   **E.  California Business and Professions Code § 6068(f), (h)**

19   The FAC alleges that two Assistant U.S. Attorneys in San Francisco violated California Buisness

20   and Professions Code § 6068(f) and (h) in two separate incidents. *See* FAC at 5, 18. First, Mr.

21   Wright met with an Assistant U.S. Attorney on December 11, 2013 and asked for assistance "just to

22   print his case." FAC at 18. Apparently Mr. Wright's request was denied. *See id.*

23   Second, in "early January," Mr. Wright met with a different employee of the U.S. Attorney's

24   Office in San Francisco, asked to meet with the U.S. Attorney, and asked to have the DOJ pay for

25   "his exodus from the homeless shelter." FAC at 18. The employee told Mr. Wright "that's not

26   going to happen" in a condescending tone of voice. *Id.*

27   **F.  Constitutional Claims**

28   The FAC asserts two claims for violations of Mr. Wright's constitutional rights. First, in 2011,

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Mr. Wright was questioned by hospital nurses before being given a shot. *Id.* at 19.  The CIA may

2  have been involved. *Id.*  Mr. Wright alleges that the pain in his head was excruciating and that this

3  violated the prohibition on cruel and unusual punishments in the Eighth Amendment to the U.S.

4  Constitution. *Id.*

5      Second, in listing the causes of action, the FAC mentions a claim "that defendants (in aggregate,

6  as agents of United States) have violated Amendment XIII (U.S. Const.) Whereby Plaintiff is an

7  'involuntary servant.'" *Id.* at 6.  The only factual allegations are that "the University of Chicago and

8  the President have been using Plaintiff's information and work for their benefit, without permission

9  and without market-value compensation." *Id.* at 25 n.15.

10     **G.  Relief Sought**

11     Based on these allegations, Mr. Wright seeks relief including a monetary award of $800 per day,

12  evidence related to his father's employment, a retirement package for his father, an in-person

13  interview with the FBI, an FBI investigation into Mr. Wright's claims against the U.S. Marshals

14  Service, an investigation into Mr. Wright's employment claims, money to buy a new laptop and

15  software, punitive damages, free psychiatric treatment, and "to be 'read into' his life by ALL

16  defendants." *Id.* at 19-21.

17                                  **ANALYSIS**

18  **I.  LEGAL STANDARDS**

19     **A.  Rule 12(b)(1)**

20     Federal Rule of Civil Procedure 12(b)(1) permits defendants to move for dismissal of a

21  complaint for lack of subject-matter jurisdiction.  Because a plaintiff seeks to invoke federal

22  jurisdiction by filing a complaint in federal court, a plaintiff bears the burden of establishing that

23  jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994);

24  *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

25  Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction.

26  Fed. R. Civ. P. 8(a)(1).

27     A defendant may mount either a facial or a factual challenge to the court's jurisdiction. *See*

28  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial attack asserts that the lack of federal

UNITED STATES DISTRICT COURT
For the Northern District of California

1   jurisdiction appears on the face of the complaint.  *See Warren v. Fox Family Worldwide, Inc.*, 328

2   F.3d 1136, 1139 (9th Cir. 2003).  In this context, a court must "accept all allegations of fact in the

3   complaint as true and construe them in the light most favorable to the plaintiffs."  *See id.*  In

4   contrast, with a factual challenge, courts do not accept as true all facts in a plaintiff's complaint and

5   may evaluate extrinsic evidence and resolve factual disputes when necessary.  *See Roberts v.*

6   *Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d

7   1074, 1077 (9th Cir. 1983)).  Where a defendant asserts a factual challenge by presenting affidavits

8   or other evidence, the party opposing the motion must present sufficient evidence to support the

9   court's subject-matter jurisdiction.  *See Savage v. Glendale Union High School, Dist. No. 205,*

10  *Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003).  Dismissal of a complaint without leave

11  to amend should be granted only where the jurisdictional defect cannot be cured by amendment.

12  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

13      **B.  Rule 12(b)(6)**

14      Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim

15  for "failure to state a claim upon which relief can be granted."  A motion to dismiss under Rule

16  12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

17  2001).  In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim

18  to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

21  129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,'

22  but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting

23  *Twombly*, 550 U.S. at 557).  In considering a motion to dismiss, a court must accept all of the

24  plaintiff's allegations as true.  *Id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The

25  plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a

26  "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  "Threadbare

27  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

28  suffice."  *Iqbal*, 129 S. Ct. at 1949.  In reviewing a motion to dismiss, courts may also consider

1   documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480,

2   1484 (9th Cir. 1995) (citation omitted).  Additionally, courts may consider a matter that is properly

3   the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d

4   668, 688 (9th Cir. 2001).

5   **II.  THE CLAIMS**

6       **A.  Breach of Fiduciary Duty Claims Against the DOJ**

7       The alleged breaches are that (1) the Bankruptcy Trustee did not investigate his claim in 2009

8   that a former employer owed him money (and DOJ is responsible because it had a duty to

9   investigate), (2) the DOJ failed to investigate his claim that he believed he was under the influence

10   when he called 911 in 2011, and (3) the FBI failed to review his complaint about violence.

11       The government points out that Mr. Wright does not allege a fiduciary duty between himself and

12   the DOJ (including the FBI), the 2009 claim is likely time-barred, and Mr. Wright did not establish

13   that the bankruptcy trustee has a duty to investigate or pursue a claim or that the failure to do so at a

14   debtor's urging is a breach  *See* Motion at 5.  Also, as discussed below, any tort claims under the

15   Federal Tort Claims Act must be exhausted, Mr. Wright has not shown that they have been, and thus

16   the court lacks jurisdiction.

17       **B.  Harassment Claims Against U.S. Marshals Service**

18       The harassment claims are against the U.S. Marshals Service and are based on California Civil

19   Code § 1708, which provides that "[e]very person is bound, without contract, to abstain from

20   injuring the person or property of another, or infringing upon any of his or her rights."  That defines

21   a duty, not a right to sue.[3]  To the extent that they are viable tort claims under the FTCA, as

22   discussed below, they must be exhausted, Mr. Wright has not shown that they have been, and thus

23   the court lacks jurisdiction.

24   

25       [3] Section 1708 states only a general principle of law and does not provide a private cause of
action. *See Bolbol v. Feld Entertainment, Inc.*, No. C 11-5539 PSG, at *8-9 (N.D. Cal. Jan. 23,

26   2013) (collecting cases).  "Section 1708 establishes only a duty to avoid injuring others and their
property that permits a cause of action in tort when a defendant 'performs an act not authorized by

27   law' that 'causes a substantial material loss to another.'" *Id.* (quoting *City and Cnt. of San*

28   *Francisco v. United Ass'n of Journeymen*, 42 Cal. 3d 810, 814 (1986)).

UNITED STATES DISTRICT COURT
For the Northern District of California

**C. January 3, 2014 Events**

These harassment and assault claims are about Mr. Wright's experiences at the Clerk's Office and the Ninth Circuit.  The harassment claims are based on Civil Code section 1708, which is not a private right of action.  Mr. Wright does not show breach of a fiduciary duty to him.  To the extent that they are viable tort claims under the FTCA, as discussed below, they must be exhausted, Mr. Wright has not shown that they have been, and thus the court lacks jurisdiction.

**D. Breach of Implied Contract Against the FBI For Failure to Investigate**

Mr. Wright's claim is about the FBI's failure to investigate acts of violence committed against him in the form of (1) "random acts of intermittent psychiatric issue or violence," (2) theft of his glasses from a McDonald's in Ohio, (3) complaints against federal judges in Ohio and Illinois, and (4) Mr. Wright's suspicions that his former employers may have conspired against him.  *See* FAC at 16-18.

Under California law, "[a] contract is either express or implied." *Retired Emps. Ass'n of Orange Cnty., Inc. v. County of Orange,* 52 Cal. 4th 1171, 1178 (2011) (citing Cal. Civ. Code § 1619).  "The existence and terms of an express contract are stated in words." *Id.* (citing Cal. Civ. Code § 1620). "The existence and terms of an implied contract are manifested by conduct." *Id.* (citing Cal. Civ. Code § 1621).  "The distinction reflects no difference in legal effect but merely in the mode of manifesting assent." *Id.*  "Accordingly, a contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." *Id.* (internal quotation and citation omitted).  The elements of a cause of action for breach of an express or implied contract are the same. *See Gomez v. Lincare, Inc.,* 173 Cal. App. 4th 508, 525 (2009).  The elements are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortg. Co. v. Reece,* 89 Cal. App. 4th 731, 745 (2001).

The FAC alleges that the FBI breached an implied contract by failing to investigate events that Mr. Wright asked them to investigate.  *See* FAC at 16-18.  The FAC has no factual allegations that there is a contractual relationship between Mr. Wright and the FBI, that the FBI breached it, that Mr. Wright performed his part of the contract, or that there are damages.  There may be an issue with the

UNITED STATES DISTRICT COURT
For the Northern District of California

1    statute of limitations, and if it has run, whether Mr. Wright can show excusable neglect.  The FBI

2    also has discretion about what to investigate.  *See Zeiny v. Johnson*, No. C 13-03585 EJD, 2014 U.S.

3    Dist. LEXIS 23844, *12-13 (N.D. Cal. Feb. 24, 2014).

4        **E.  Claims Against Assistant U.S. Attorneys**

5        The claims here are about Mr. Wright's encounters with two Assistant United States Attorneys.

6    The allegation is that their denial of his requests and overall condescension violates the California

7    Business and Professions Code section 6068.  *See* FAC at 18.  California Business and Professions

8    Code section 6068(f) and (h) state the following:

9        It is the duty of an attorney to do all of the following:

10           (f) To advance no fact prejudicial to the honor or reputation of a party or witness,
             unless required by the justices of the cause with which he or she is charged.

11           . . .

12
             (h) Never to reject, for any consideration personal to himself or herself, the cause of
13           the defenseless or the oppressed.

14   These sections are about the duties of the attorneys.  Even if the statute provided a private right to

15   sue, the allegations do not state a claim.  If Mr. Wright alleges a breach of a duty that constitutes a

16   viable tort claim under the FTCA, as discussed below, the tort claim must be exhausted, Mr. Wright

17   has not shown that it has been, and thus the court lacks jurisdiction.

18       **F.  Constitutional Violations**

19       The FAC alleges claims for violations of the Eighth and Thirteenth Amendments.  *See* FAC at 19

20   (Eighth Amendment), 25 n.15 (Thirteenth Amendment).

21       The government moves to dismiss the Eighth Amendment claim because Mr. Wright was not a

22   convicted prisoner at the time of the alleged violation.  *See Jones v. Johnson*, 781 F.2d 769, 771 (9th

23   Cir. 1986).  Mr. Wright has not addressed the claim in his opposition and apparently abandons it.  In

24   any event, he does not state an Eighth Amendment claim.

25       The government moves to dismiss the Thirteenth Amendment claim for failure to state a claim.

26   *See* Motion at 9.  The claim is in a footnote and specifies that "the University of Chicago and the

27   President have been using Plaintiff's information and work for their benefit, without permission and

28   without market-value compensation."  Again, Mr. Wright does not address the claim in his

UNITED STATES DISTRICT COURT
For the Northern District of California

C 13-05994 LB
ORDER GRANTING MOTION TO DISMISS                    9

1   opposition and apparently abandons it.  In any event, it does not state a Thirteenth Amendment

2   violation because Mr. Wright has not alleged facts that plausibly claim involuntary servitude.  *See*

3   *Brogan v. San Mateo* Cnty., 901 F.2d 762, 764 (9th Cir. 1990).

4       **G.  Sovereign Immunity**

5       An overarching issue for the tort claims is whether they are barred for failure to exhaust

6   administrative remedies.  The Federal Tort Claims Act is the exclusive remedy for persons injured

7   by the negligent or wrongful acts or omissions of any employees of the federal government while

8   acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).  The FTCA is also the

9   exclusive remedy for tort actions against a federal agency, regardless of the agency's statutory

10  authority to sue or be sued in its own name.  *See* 28 U.S.C. § 2679(a) (1998); *see Kennedy v. U.S.*

11  *Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).

12      Before filing suit under the FTCA, a plaintiff must present his or her administrative claim to the

13  appropriate agency within two years of the incident, *see* 28 U.S.C. § 2401(b), and the agency must

14  either "finally den[y]" her claim or fail to arrive at a "final disposition of [her] claim within six

15  months after it is filed," *see* 28 U.S.C. § 2675(a).  "The claim requirement of section 2675 is

16  jurisdictional in nature and may not be waived."  *Burns v. United States*, 764 F.2d 722, 723 (9th Cir.

17  1985).  Where plaintiff fails to satisfy the claim requirement, the district court cannot assert subject

18  matter jurisdiction over the plaintiff's FTCA claim.  *See* 28 U.S.C. § 2675(a); *McNeil v. United*

19  *States*, 508 U.S. 106, 111-12 (1993); *Burns*, 764 F.2d at 723.  The plaintiff in an action seeking

20  relief under the FTCA bears the burden of showing that he or she complied with the FTCA's

21  administrative claim requirement.  *See Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980).

22      Here, the FAC alleges claims for breach of fiduciary duty, harassment, and assault.  *See* FAC at

23  9-19.  The government argues that these claims are tort claims asserted against government

24  agencies, the FTCA is the exclusive remedy for such claims, and Mr. Wright fails to allege facts

25  showing that he exhausted administrative remedies with respect to these claims.  *See* Motion at 9-10;

26  Reply, ECF No. 26 at 2-5.  Mr. Wright does not dispute any of these facts and explains that he "is

27  not opposed to other existing relief forum(s) where the Court deems them more appropriate."  Opp'n

28  at 3.  Thus, to the extent these are tort claims, Mr. Wright must seek relief from the individual

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  agencies by following the procedures for FTCA claims.

2                                    **CONCLUSION**

3        The tort claims are dismissed without prejudice for failure to exhaust administrative remedies

4  and may be raised in a subsequent complaint if Mr. Wright exhausts administrative remedies.  Mr.

5  Wright asks that the "Amended Complaint and its service provided by the U.S. Marshals ("USMS")

6  be considered a claim submitted to each agency as part of the FTCA process."  Opp'n at 4.  Because

7  the court lacks jurisdiction over Mr. Wright's claims, it cannot grant this request.

8        To the extent that Mr. Wright has a Freedom of Information Act ("FOIA") claim (raised for the

9  first time in his opposition), he must exhaust administrative remedies too.

10       The contract claim is dismissed without prejudice with leave to amend if Mr. Wright can cure the

11  deficiencies identified above.

12       Mr. Wright must file any amended complaint within 28 days.

13       The court thus **GRANTS** Mr. Wright's motion to amend, **GRANTS** the government's motion to

14  dismiss, and **DENIES** Mr. Wright's motion for permission to file electronically.  Mr. Wright may

15  file an amended complaint within 28 days of the date of this order.

16       This disposes of ECF Nos. 18, 24, and 25.

17       **IT IS SO ORDERED.**

18  Dated: April 7, 2014                        _____

19                                              LAUREL BEELER
                                                United States Magistrate Judge

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 13-05994 LB
ORDER GRANTING MOTION TO DISMISS            11