UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>            Plaintiff,<br>   v.<br>UNITED STATES OF AMERICA,<br><br>            Defendant.<br>_____/ | No. C 13-05994 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LIBRARY ACCESS**<br><br>[Re: ECF Nos. 29 & 31] |

## INTRODUCTION

Franklin H. Wright, who is representing himself, sued Defendant United States of America, asserting claims for negligence, harassment, assault, breach of implied contract, violation of California Business and Professions Code section 6068, and constitutional violations involving the Department of Justice, including the U.S. Attorney's Office, the U.S. Marshals Service, and the Federal Bureau of Investigation, and the Central Intelligence Agency. *See* First Amended Complaint ("FAC"), ECF No. 10.[1] The court granted the Government's motion to dismiss, and Mr. Wright filed a Second Amended Complaint ("SAC"), ECF No. 30. The SAC asserts claims for breach of contract under several legal theories against the FBI and the United States Attorney's Office. *See id.* The Government moves to dismiss all claims based on sovereign immunity and for

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss ("Motion"), ECF No. 31. In a separate motion, Mr. Wright asks the court for an order reinstating his access to U.S. Courts Library for the Northern District of California, a privilege that was revoked on April 3, 2014. *See* ECF No. 29. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 5, 2014 hearing. For the reasons discussed, the court **GRANTS** the Government's motion to dismiss and **DENIES** Mr. Wright's motion to reinstate his library access.

## STATEMENT

### I. PROCEDURAL HISTORY

In December 2013, Mr. Wright filed a complaint on behalf of "Jesse Schwartz, Sr. [apparently his father]; the Office of the President of the United States; and the U.S. Senate's Select Committee on Intelligence" against the Secretary of the Navy, the Attorney General of the United States, and the Director of the FBI. Complaint, ECF No. 1. He also filed a motion to proceed *in forma pauperis*, which the court granted. ECF Nos. 3, 6. On January 15, 2014, Mr. Wright filed the FAC on behalf of himself naming the Government as the sole Defendant. *See* FAC, ECF No. 10. The Government moved to dismiss on March 7, 2014. *See* Motion to Dismiss the FAC, ECF No. 18. Mr. Wright opposed the motion, and the Government filed a reply. *See* ECF Nos. 22, 26. The court also allowed Mr. Wright to amend his opposition brief. *See* ECF No. 24, Order, ECF No. 28. On April 7, 2014, the court granted the Government's motion to dismiss without prejudice and with leave to amend within 28 days. *See* Order, ECF No. 28 at 11.

On April 22, 2014, Mr. Wright filed a Motion to Obtain Access to Phillip C. Burton Building's Library During Normal Business Hours ("Library Motion"). ECF No. 29. The Government has not filed an opposition to the Library Motion. *See generally* Docket. Mr. Wright filed the SAC on May 2, 2014. *See* SAC, ECF No. 30. On May 15, 2014, the Government moved to dismiss the claims in the SAC. Motion, ECF No. 31. Mr. Wright opposed the Government's motion, Opp'n, ECF No. 33, and the Government filed a Reply, ECF No. 36.

### II. THE LIBRARY MOTION

In the Library Motion, Mr. Wright states that from October 2013 through March 2014, he used

the U.S. Courts Library for the Northern District of California approximately three times per week. *See* Library Motion, ECF No. 29 at 1-2.  On April 3, 2014, Mr. Wright received an e-mail with an attached letter from United States District Judge William Alsup, this District's Library Liaison Judge.  *Id.* at 2, Ex. 1.  In the letter, Judge Alsup explained that under the Northern District of California's Civil Local Rule 77-7 and the "Rules for the Use of the U.S. District Court Library and the Conduct Policy for Visitors," the Library Liaison Judge and Branch Librarian had the discretion to revoke access privileges for non-judicial patrons.  *See id.* Ex. 1, ECF No. 29 at 5-6.  The letter explained that Judge Alsup and the Branch Librarian were exercising their discretion to revoke Mr. Wright's library privileges due to an "ongoing pattern of disruptive conduct" detailed in the letter. *Id.*  The letter further stated: "[s]hould you have an information need in a case pending in this Court that requires access to the Library, you may seek a court order reinstating library access to the extent needed to satisfy that need." *Id.* at 6.

Mr. Wright now argues that he needs access to the Court Library resources including limited free copies, access to Federal Reporters and Federal Supplements, free wi-fi, and law journals.  *Id.* at 2-3. Mr. Wright also argues that he needs access to the Court Library's copies of the Wall Street Journal, New York Times, and economics textbooks in connection with another case pending in this district. *Id.*

## III.  CLAIMS AND ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

The SAC begins with a procedural history of this case.  It alleges that after the court dismissed Mr. Wright's claim, he filed an administrative claim with the Department of Justice under the Federal Tort Claims Act.  SAC, ECF No. 30 at 2.  On April 9, 2014, as a courtesy to Mr. Wright, the U.S. Attorney's Office in San Francisco sent letters to the DOJ, including one to the Tort Claim Division.  *Id.*  Both letters included the SF-50 form and the FAC.  *Id.*  On May 2, 2014, Mr. Wright received notification that his FTCA claim to the DOJ was incomplete.  *Id.*

### A.  Breach of Contract Against the FBI

The SAC's first claim is for breach of contract.  *Id.* at 4-6.  Mr. Wright alleges that the FBI failed to "investigate and retrieve" video recordings related to a "2007 potential wrongful arrest and assault & battery committed against [Mr. Wright]" and "the September 28th-29th, 2013 events in the lounge

of the Marriot Marquis" that are related to one of Mr. Wright's earlier lawsuits. *See* SAC at 5. The FBI also allegedly failed to "vet" the following: (1) "potential crime" related to Mr. Wright's previous bankruptcy proceedings; (2) "potential government corruption in Chicago, IL relating to lawsuits filed by Plaintiff from Jan 2nd, 2007-2011;" (3) "potential government corruption in Akron, Ohio" involving individuals who may be creating "a low-cost labor pool;" and (4) "potential government corruption in San Francisco, CA relating to homeless budget allocation and abuse" as alleged in another case that Mr. Wright filed in this district. *Id.* at 5-6. Finally, the FBI did not inform Mr. Wright of the Government's involvement and reasoning in each of these instances. *Id.* Mr. Wright alleges that the FBI thus breached its statutory obligations under 28 U.S.C. § 535 and that this constitutes a breach of contract. *Id.*

The second breach of contract claim is that the FBI failed to investigate Mr. Wright's claim that he was assaulted in the Marriott Marquis while he was "a traveler and non-resident to California." *See* SAC at 8. He asked the FBI to investigate the matter but the FBI refused to investigate or inform Mr. Wright of an investigation. *Id.* at 8. Thus, the FBI failed to fulfill its obligations under 28 U.S.C. §§ 535 and 540A, and this also constitutes a breach of contract. *Id.* at 7-8.

**B. Breach of Contract Against the U.S. Attorney's Office**

The SAC alleges that Assistant U.S. Attorneys denied Mr. Wright access to computer equipment, access to U.S. Attorney Melinda Haag, and assistance in investigating his claims. *Id.* at 9. These actions constituted a breach of California Business and Professions Code § 6068 and a breach of contract. *Id.* at 9-10.

**C. Damages and Requested Relief**

The SAC alleges that as a result of the Government's actions, Mr. Wright has not been able to obtain adequate legal counsel. *Id.* at 10-11. Mr. Wright seeks legal representation in the form of a retainer (not to exceed $9,999) for services from a Bay Area law firm subject to his approval. *Id.* at 11. In the alternative, Mr. Wright asks that the U.S. Attorney's office represent him and either (1) investigate his allegations regarding his employers, the Stone Park, Illinois Police Department, Mr. Wright's bankruptcy attorney and trustee, and the incidents in Akron, Ohio that are documented in Mr. Wright's litigation against Marriott, or (2) "[i]nform [him] of U.S. Government intentions and

involvment in writing and in response hereto." *Id.* at 11-12.

## ANALYSIS

### I. LEGAL STANDARDS

#### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits defendants to move for dismissal of a complaint for lack of subject-matter jurisdiction. Because a plaintiff seeks to invoke federal jurisdiction by filing a complaint in federal court, a plaintiff bears the burden of establishing that jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

A defendant may mount either a facial or a factual challenge to the court's jurisdiction. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts that the lack of federal jurisdiction appears on the face of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In this context, a court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See id.* In contrast, with a factual challenge, courts do not accept as true all facts in a plaintiff's complaint and may evaluate extrinsic evidence and resolve factual disputes when necessary. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Where a defendant asserts a factual challenge by presenting affidavits or other evidence, the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). Dismissal of a complaint without leave to amend should be granted only where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

#### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule

12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true. *Id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. In reviewing a motion to dismiss, courts may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## II. SUBJECT-MATTER JURISDICTION

The Government initially moves to dismiss for lack of subject matter jurisdiction, arguing that Mr. Wright fails to identify any applicable waiver of sovereign immunity. *See* Motion at 4. Here, the SAC claims jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of such consent, as expressly set forth by Congress, define the court's subject matter jurisdiction to entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1940). Absent a waiver, the sovereign immunity doctrine shields the federal government, its agencies, and its federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).

The Little Tucker Act provides a limited waiver of sovereign immunity. It vests federal district courts and the Court of Federal Claims with concurrent jurisdiction for a civil claim against the United States, "not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1346(a)(2); *see U.S. v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927-28 (9th Cir. 2009).

Because the Little Tucker Act is jurisdictional, it does not create any substantive right enforceable against the United States for money damages. *See Testan*, 424 U.S. at 401. Thus, "plaintiffs suing the United States must usually locate their claims in another source of abrogation of sovereign immunity." *Williams v. United States Dep't of Agric.*, No. 13-CV-00508-JST, 2013 WL 5567486, at *3 (N.D. Cal. Oct. 7, 2013). The Little Tucker Act operates both as a jurisdictional grant and an abrogation of sovereign immunity only if it is "concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract." *North Side Lumber v. Block,* 753 F.2d 1482, 1486 (9th Cir. 1985), *cert. den'd,* 474 U.S. 931 (1985) (citing *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 967-68 (D.C. Cir. 1982)). In such cases, the Act authorizes actions for money damages but not equitable relief. *Id.*; *see also Megapulse*, 672 F.2d at 968.

Here, the court only has jurisdiction to hear Mr. Wright's claims if they are based on a contractual relationship between Mr. Wright and the Government. As discussed below in the context of the claims, Mr. Wright fails to plausibly allege the existence of any contract. The court, therefore, grants the Government's motion to dismiss for lack of subject-matter jurisdiction.

## III. BREACH OF CONTRACT CLAIMS

Mr. Wright's claims are that the FBI and U.S. Attorney's office failed to comply with contractual obligations allegedly created by 28 U.S.C. §§ 503 and 540A, and California Business and Professions Code section 6068.

Under California law, "[a] contract is either express or implied." *Retired Emps. Ass'n of Orange Cnty., Inc. v. County of Orange,* 52 Cal. 4th 1171, 1178 (2011) (citing Cal. Civ. Code § 1619). "The existence and terms of an express contract are stated in words." *Id.* (citing Cal. Civ. Code § 1620).

1  The elements of a breach of contract claim are: (1) the existence of the contract; (2) performance by
2  the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First*
3  *Commercial Mortg. Co. v. Reece,* 89 Cal. App. 4th 731, 745 (2001).
4      To determine whether a statute constitutes a contract, the court applies federal law. *See State of*
5  *Nev. Employees Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1227 (9th Cir. 1990). Federal law requires
6  the court to find a "clear indication" of the Congress's intent to create a contract. *National R.R.*
7  *Passenger Corp. v. Atchison Topeka and Santa Fe Ry. Co.*, 470 U.S. 451, 465 (1985). As the
8  Supreme Court explained:

> For many decades, this Court has maintained that absent some clear indication that the legislature intends to bind itself contractually, the presumption is that "a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise. . . . This well-established presumption is grounded in the elementary proposition that the principal function of a legislature is not to make contracts, but to make laws that establish the policy of the state.

13  *Id.* (internal citations omitted). A party who asserts a contractual right "must overcome this well-
14  founded presumption," and must do so by "identifying a contract within the language of a regulatory
15  statute and [by] defining the contours of any contractual obligation." *Id.* Mr. Wright fails to make
16  this showing.

17  **A. Claims Against the FBI**

18      The SAC's first claim alleges that the FBI is liable for breaching a contract created by 28 U.S.C.
19  § 503. The relevant statutory language states:

> (a) The Attorney General and the Federal Bureau of Investigation may investigate any violation of Federal criminal law involving Government officers and employees–
>
>     (1) notwithstanding any other provision of law; and
>
>     (2) without limiting the authority to investigate any matter which is conferred on them or on a department or agency of the Government.

24  28 U.S.C. § 535. Section 535 says that the FBI "may" investigate applicable violations. Thus, it
25  vests the FBI with discretion in deciding whether to investigate. "Courts in the Ninth Circuit have
26  consistently held that the FBI's decisions whether to investigate criminal complaints are
27  discretionary rather than ministerial." *See Zeiny v. Johnson*, No. 5:13-CV-03585-EJD, 2014 WL
28  718667, at *2 (N.D. Cal. Feb. 24, 2014) (collecting cases); *see also Terrell v. Attorney General State*

*of California*, No. C-98-00219-VRW, 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998) *aff'd sub nom. Terrell v. Lungren*, 188 F.3d 515 (9th Cir. 1999) ("The court can find no binding authority requiring the FBI to investigate every complaint that it receives. To the contrary, courts have consistently described the FBI's mandate as a "discretionary rather than mandatory authority."). Accordingly, the court holds that 28 U.S.C. § 535 does not create a contract between Mr. Wright and the FBI.

Mr. Wright's arguments to the contrary are unavailing. He first contends that "breach of a statutory obligation meets all requirements of a breach of an express contract under California law" because "statutes are . . . written in words and therefore, exist through statute." SAC at 7. Similarly, in his opposition brief, he argues that "these breach of contract claims are based upon a more complex relationship between Plaintiff and the author of statute (Congress)." Opp'n, ECF No. 33 at 5. Mr. Wright's arguments on this point are unsupported and do not establish that § 503 creates a contract.

Second, Mr. Wright relies on *U.S. v. Dalles Military Road Co.*, 40 F. 114 (C.C.D. Or. 1889) *rev'd*, 140 U.S. 599 (1891), as "introduc[ing] the notion that a statute is a contract." SAC at 7.

In *Dalles Military Road*, it was undisputed that there was a statutory contract; the disputed issue was whether that statutory contract was breached. *See Dalles Military Road*, 40 F. at 116. Thus, while the case stands for the proposition that a statute *may* form the basis for a contract, it does not mean that all statutes create contractual obligations. Notably, the [state] road-building statute at issue was "a special, independent act, limited to the very object named in and contemplated by the act of congress, and referring to no other road or object." *Id.* In contrast, § 503 is a broad statute that vests discretion in the FBI.[2]

Third, he argues that his situation is different from *Zeiny*, as follows:

*Zeiny* did not discuss the relevance of a U.S. Citizen suggesting that he or she (in the absence of just, reasonable, and proper law enforcement) is enacting the power of local law enforcement as proscribed [*sic*] by statute. To state the question more plainly for the Court:

---

[2] Mr. Wright also states that *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731 (2001) supports his position that "a statute is a contract." *See* SAC at 7. This case does not address the issue.

> *"Does an U.S. Citizen, acting in place of reasonable law enforcement, have the authority to request F.B.I. investigation?"*

Opp'n at 9. Mr. Wright cites no authority suggesting that § 503 requires the FBI to investigate even when "reasonable law enforcement" asks it do so. Nor is there any basis for Mr. Wright's contention that he has the right to "act in place of reasonable law enforcement."

Finally, Mr. Wright does not identify (and the court has not been able to locate) any cases in which a court found that a similar statute created a contract between the Government and the general public. Accordingly, the court grants the Government's motion to dismiss this claim.

Mr. Wright's second claim is that the FBI breached 28 U.S.C. § 540A by failing to investigate an assault against him. *See* SAC at 7-8. In relevant part, 28 U.S.C. § 540A states the following:

> (a) In general. – At the request of an appropriate law enforcement official of a State or political subdivision, the Attorney General and Director of the Federal Bureau of Investigation may assist in the investigation of a felony crime of violence in violation of the law of any State in which the victim appears to have been selected because he or she is a traveler.
>
> (b) Foreign travelers. – In a case in which the traveler who is a victim of a crime described in subsection (a) is from a foreign nation, the Attorney General and Director of the Federal Bureau of Investigation, and, when appropriate, the Secretary of State shall assist the prosecuting and law enforcement officials of a State or political subdivision to the fullest extent possible in securing from abroad such evidence or other information as may be needed for the effective investigation and prosecution of the crime.

28 U.S.C. § 540A. As discussed in the context of § 503, this statute uses the word "may" to give the FBI discretion in choosing whether to investigate certain crimes. Accordingly, Mr. Wright fails to show that Congress intended this discretionary statute to create contractual obligations. Furthermore, § 540A applies only when the FBI is asked to investigate by an appropriate law enforcement official of a State or political subdivision. Thus, even if § 540A were a contract, Mr. Wright would not be a party to it. In the SAC, Mr. Wright argues that he is a "political subdivision" because he votes. *Id.* at 7. He also argues that because he asked "law enforcement to arrest persons who have assaulted him or acted illegally," he became imbued with "the authority to become a de facto State of California law enforcement member." Opp'n at 6. The court disagrees. The phrase "appropriate law enforcement official of a State or political subdivision" indicates that it does not apply to private individuals. Nor does Mr. Wright identify any authority in support of this argument.

1  Because Mr. Wright fails to establish the existence of a contract with the FBI, the court grants the
2  Government's motion to dismiss.

### B. Claim Against Assistant U.S. Attorneys

The claims here are about Assistant United States Attorneys allegedly denying Mr. Wright's request for access to computer equipment, to meet U.S. Attorney Melinda Haag, and assist him in investigating his claims. *See id.* at 8-10. Mr. Wright alleges breach of a statutory contract created by California Business and Professions Code section 6068(f) and (h), which state the following:

> It is the duty of an attorney to do all of the following:
>
>> (f) To advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justices of the cause with which he or she is charged.
>>
>> . . .
>>
>> (h) Never to reject, for any consideration personal to himself or herself, the cause of the defenseless or the oppressed.

The SAC asserts that this statute is binding on the U.S. Attorney's office because "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." SAC at 9 (quoting 28 U.S.C. § 530B(a)).

This statutory language does not provide a "clear indication" demonstrating an intent to establish a contractual obligation with the general public. Even if it did, the factual allegations do not establish that anyone at the U.S. Attorney's office breached the cited provisions.

In his opposition brief, Mr. Wright sums up his argument by asking, "[i]f Plaintiff has requested the U.S. Attorney, operating under Cal. Bus. and Prof. Code §6068 assist him is disputing those allegations against him, do they not have an obligation, especially considering his 'oppressed' §6068 status claim?" Opp'n at 10. The answer is that they do not. Accordingly, the court grants the Government's motion to dismiss this claim.

### IV. DISMISSAL WITH PREJUDICE

The final issue is whether to dismiss the SAC with or without leave to amend. When a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend). The court previously dismissed Mr. Wright's claims for breach of implied contract against the FBI and breach of California Business and Professions Code section 6068(f) and (h) against the U.S. Attorney's office. *See* Order, ECF No. 28 at 8-9. The court stated that "[t]he FAC has no factual allegations that there is a contractual relationship between Mr. Wright and the FBI, that the FBI breached it, that Mr. Wright performed his part of the contract, or that there are damages." *Id.* at 8. The court dismissed his California claim as a tort claim barred by the Federal Tort Claims Act. *Id.* at 9. The SAC fails to remedy these problems and fails to establish the basis for federal jurisdiction. Under the circumstances, the court dismisses the SAC without leave to amend.

## CONCLUSION

The court **GRANTS** the Government's motion to dismiss the Second Amended Complaint with prejudice. Because there no longer is an operative complaint, the court **DENIES AS MOOT** Mr. Wright's Motion for Access to the Court Library.

This disposes of ECF No. 29 and 31.

The clerk of court shall close the file.

**IT IS SO ORDERED.**

Dated: June 9, 2014

_____
LAUREL BEELER
United States Magistrate Judge